HUDSON-DUNCAN & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85220.    Promulgated September 24, 1937.

*Albert W. Gentner*, Esq., for the petitioner.
*W. W. Kerr*, Esq., for the respondent.

OPINION.

ARUNDELL: The respondent's view in this case is that the designated "purchase price" in the contract represents principal in its entirety and may not be split up into principal and interest. The evidence is that the amount stated in the contract is not all principal, but is the aggregate of the two items of principal and interest. The seller wanted interest on the deferred payments and the purchaser was willing to pay interest. The president of the seller corporation and the president of the purchasing corporation (the petitioner) acted as negotiators of the deal. Both testified in this proceeding. Their testimony is that in negotiating the deal they started out by fixing the price for the building and the price for the land. They agreed upon the period over which the deferred payments were to be spread. Then they computed interest on the deferred payments at an average rate. They then totaled the several items of principal and interest and that total, with a minor adjustment, they set out in the contract as the "purchase price (including interest)." The testimony of both is that the reason for making the calculation in the way they did was that both parties as a matter of convenience preferred to have the monthly payments in equal sums. Payments separately of principal and interest would of course have required a recomputation each month as the unpaid principal decreased and would result in payment of a different amount each month. The wording of the contract—"including interest"—indicates that the parties calculated interest in arriving at the price specified. The testimony of the negotiators does not vary the terms of the contract but explains them.

Prior to the hearing of this proceeding the State Tax Commission of the State of Oregon investigated the matter and arrived at the conclusion that a part of the payments received by the seller represented interest, and asserted a tax on such interest. The petitioner is asking that we treat as interest the same amount taxed as interest by the State Tax Commission.

Counsel for the respondent cites a number of cases in which the Board and the courts have refused to permit lump sums to be split up into alleged payments of principal and interest. Among others cited are *Marsh & Marsh, Inc.*, 5 B. T. A. 902; *Anderson & Co.*, 6 B. T. A. 713; *Daniel Brothers Co.*, 7 B. T. A. 1086; affd., 28 Fed. (2d) 761. We do not pause to refer to more, for all in our opinion are distinguishable from the present case. For example, in the case of *Marsh & Marsh, Inc.*, the findings disclose no mention of interest in the contract of sale, except as a measure of discount on payments made before maturity. We there said that the facts alleged by the taxpayer "were capable of proof, but have not been proven." In

the case before us there is satisfactory proof that a part of each payment was in fact interest. In *Anderson & Co.*, the taxpayer claimed as interest an amount equal to 10 percent of the amount due at the beginning of the year. In that case, in disallowing the claim, we pointed out that "the records of the taxpayer make no showing of such interest and the form of contract used by the taxpayer and its customers discloses that the only interest contemplated between the parties is interest on installments not paid when due." In *Daniel Brothers Co.* there was no provision in the contract for interest on deferred payments. In this case the parties stipulated in their contract that the price named included interest; the men who negotiated the deal testified that it was their intent to and they did include interest; the officials of the State of Oregon found a portion of each payment to be interest and taxed it as interest. In the face of all this we do not see how it can be said that the price specified in the contract represents principal in its entirety and that no part of it is interest. The petitioner has established the portion that represents interest and we hold that that amount should be allowed as a deduction to the extent paid in the taxable year.

Counsel for the respondent contends, in the alternative, that he erred in computing depreciation allowances. It appears that the petitioner claimed and was allowed depreciation on the building on a basis of $181,867.93. The evidence in this proceeding shows that that basis is too high. The correct basis is cost, which under the contract of sale is $107,000, to which should be added a portion of the payment forfeited under the lease and a portion of the accrued property taxes paid by the petitioner. The evidence is insufficient to permit us to determine what portion of these two additional sums should be allocated to the building. If the parties are unable to agree on an allocation in their recomputations, they may present further evidence on this one phase of the case. There is no issue as to the depreciation rate and the rate determined by the respondent to be proper will be used on recomputation.

*Decision will be entered under Rule 50.*